| | | |
|---|---|---|
| ISLAND AVIATION, INC., | ) | CIVIL ACTION NO. 81-48 |
| Plaintiff, | ) | |
| vs. | ) | DECISION |
| MARIANA ISLANDS AIRPORT AUTHORITY, et al., | ) | |
| Defendant. | ) | |

## STATEMENT OF THE CASE

Island Aviation, Inc. (Island Air) commenced this action against Mariana Islands Airport Authority (Airport) on September 3, 1981 for declaratory and injunctive relief, and seeking judicial review of the legality of certain charges which were assessed against Island Air by the Airport Authority

The Airport Authority filed a counterclaim for unpaid departure facility service charges (DFSC) owed to it by Island Air and its predecessor in interest.

On December 9, 1981 Island Air filed a Motion for Partial Summary Judgment on the legality of the DFSC. On January 7, 1982 Airport Authority filed a Cross Motion for Partial Summary Judgment on the same issue.

On March 22, 1982 this Court heard argument on the parties' cross motions for partial summary judgment, and on December 30, 1982 entered an Order granting partial summary judgment to defendant Airport Authority.

On September 8, 1982 plaintiff Island Air filed a Petition for Bankruptcy under Title 11 U.S.C. Chapter 7, and an order was entered thereon.

Defendant Airport now moves for summary judgment against Island Air, seeking the sum of $201,661.26 in unpaid DFSC.

Plaintiff claims protection under 11 U.S.C. § 362, which imposes a stay against the commencement or continuation of proceedings against a debtor who has filed for bankruptcy under Title 11.

We agree with plaintiff that 11 U.S.C. § 362 operates to stay these proceedings until a final discharge in bankruptcy is granted or denied by the Bankruptcy Court. We, therefore, make no determination at this time on the merits of defendant's instant Motion for Summary Judgment.

///

///

///

ANALYSIS

11 U.S.C. § 362(a) provides that the filing of a petition in bankruptcy operates as a stay of all the proceedings set forth therein. Subsection (a)(1) stays the "commencement or continuation. . . of a judicial. . . proceeding against the debtor. . . "

The stay of proceedings becomes effective automatically upon filing of the petition, and formal service or notice is not required. The filing of the petition operates as notice to the world. See, generally 11 U.S.C. § 362(a) and Historical and Review Notes. It thus appears that all action in the instant proceedings is stayed by the provisions of section 362(a).

Defendant, however, contends that a stay of these proceedings is not authorized by section 362(a), pursuant to section 362(b), which sets forth limited exceptions to the broad application of the stay. Subsection (b)(4) makes the stay inapplicable to the:

> "commencement or continuation of an
> action or proceeding by a govern-
> mental unit to enforce such govern-
> mental unit's police or regulatory
> power." 11 U.S.C. § 362(b)(4).

Defendant contends that this is such an action or proceeding as contemplated by subsection (b)(4).

However, the legislative statement addressing subsection (b)(4) makes it clear that:

> This section is intended to be given
> a narrow construction in order to
> permit governmental units to pursue

737

> actions to protect the public health
> and safety and not to apply to actions
> by a governmental unit to protect
> a pecuniary interest in property
> of the debtor or property of the
> estate.
> 11 U.S.C.A. § 362 Note, at p. 419

This interpretation is reinforced by case law, which holds generally that when the object of the government action is to enforce collection of pre-petition indebtedness it is not an action to enforce appropriate police or regulatory interests of the governmental unit, and the automatic stay will be imposed. See, Notes 9a, 9d, 11 U.S.C.A. § 362.

Subsection (a)(1) simply provides for an automatic stay, applicable to all entities, of judicial proceedings against the debtor. Subsection (b)(4) provides a specific limitation on the applicability of subsection (a)(1), and defendant has not shown that its motion for summary judgment is contemplated by this exception.

Thus, when plaintiff filed its petition in bankruptcy on or about September 8, 1982, all legal actions against the debtor were thereupon automatically stayed; no new actions could be commenced, and ongoing proceedings were properly halted for the duration of the stay.

The automatic stay remains in effect until a final discharge is granted or denied, or until such time as the court otherwise determines 11 U.S.C. § 362(c); also see Note 2a, 11 U.S.C.A. § 362. There is no indication that a final discharge has yet been granted or denied; therefore, the stay of proceedings provided

738

by section 362(a)(1) remains in effect to preclude any further action in these proceedings.

Section 362 does provide for modification or termination of the automatic stay for cause or to avoid undue harm to a creditor. Subsection (d) sets forth the basic grounds for relief from the stay, and subsections (e) and (f) provide the procedural requirements.

Defendant has filed a Memorandum in Opposition to Application for Stay. It appears from the record and the instant motion that what defendant really seeks here is relief from the automatic stay. The proper and necessary method to seek dissolution of the stay is to commence on adversary proceeding requesting relief from the automatic stay. Note 2, 11 U.S.C.A. § 362. Defendant's Memorandum in Opposition to Application for Stay is not in the nature of an adversary complaint, nor has defendant complied with the procedural requirements necessary to commence such an action. Moreover, defendant's contentions do not provide cause for setting aside the stay pursuant to section 362(d).

Defendant also argues that plaintiff has waived any right to a stay of proceedings. While defendant correctly asserts that the stay provisions were enacted for the benefit of debtors and, therefore, any right to a stay which the debtor may have can be waived, see Boynten v. Ball, 121 U.S. 457 (1887); Smith v. Phlegar, 236 P.2d 749 (Ariz. 1951), we fail to find any such waiver by plaintiff in the instant proceedings.

///

739

While the protection afforded by section 362 may be waived by the debtor, there is no support for the proposition, as defendant asserts, that inaction by the debtor, or mere compliance in the continuation of judicial proceedings will result in waiver of the stay. In fact, to find an implied waiver here would seem to contradict the very notion, advanced by defendant herein, that the stay provisions were enacted for the benefit of debtors.

We, therefore dismiss, as without merit, defendant's arguments herein. An appropriate order staying all action in these proceedings, during the pendency of the proceedings in Bankruptcy, will be entered.

DATED this _7th_ day of September, 1983.

_____
ALFRED LAURETA
Judge